UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENA THOMPSON,

      Plaintiff,

v.                                                                       CASE No. 8:06-CV-1562-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

      Defendant.
_____

O R D E R

The plaintiff in this case seeks judicial review of the denial of her claim for supplemental security income payments.[2] Because the decision of the Commissioner of Social Security fails to evaluate the plaintiff's allegation of headaches, it will be reversed and the matter remanded for further proceedings.

I.

---

[1] Michael J. Astrue has become the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Jo Anne B. Barnhart as the defendant in this suit.

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 7).

The plaintiff, who was thirty-three years old at the time of the administrative hearing, is a high school graduate with some college education and vocational training as a cosmetologist (Tr. 29, 83). She has worked as a retail clerk, stock clerk, parimutuel teller, and hairdresser (Tr. 78, 86-90). She filed a claim for supplemental security income payments, alleging that she became disabled due to neck and back problems (Tr. 77). She also complained of migrane headaches (id.). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had a severe low back impairment that limited her to performing light work (Tr. 20-22).[3] Based upon that determination, the law judge ruled that the plaintiff's impairment did not preclude her from returning to her past relevant work as a retail clerk (Tr. 21). Alternatively, the law judge concluded that the medical-vocational guidelines directed a finding of "not disabled" (id.). Accordingly, the law judge found that the plaintiff was not

---

[3]The law judge inconsistently characterized the plaintiff's residual functional capacity as "the full range of light work" (Tr. 21) and as a "restricted range of light work" (Tr. 22, ¶4). However, since the law judge did not articulate any restrictions which limit the plaintiff to less than a full range of light work, it appears that he intended to state that she can do a full range of light work. The parties have proceeded with that understanding.

disabled (Tr. 22). The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

A. In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The law judge, as an alternative basis for his decision, evaluated the plaintiff's claim under regulations designed to incorporate vocational factors into the determination of disability claims. Those

regulations apply in cases where an individual's medical condition is severe enough to prevent her from returning to her former employment, but may not be severe enough to prevent her from engaging in other substantial gainful activity. In such cases, the regulations direct that an individual's residual functional capacity, age, education and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules, known as "guidelines" or "grids," that are appended to the regulations. 20 C.F.R. Part 404, Subpart P, Appendix 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. 416.969. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability. Id.

III.

The plaintiff's records reflect a history of neck and back pain, and headaches. These problems worsened after an automobile accident on August 2, 2002, in which the plaintiff was a passenger in a car that was rear-ended (Tr. 188). As indicated, the law judge found that the plaintiff suffers from a severe low back impairment, but that she could still perform the full range of light work (Tr. 21-22). Based on this residual functional capacity, the law judge found that the plaintiff could return to prior work as a retail

clerk, and determined, alternatively, that the medical-vocational guidelines dictated a finding that the plaintiff was not disabled (Tr. 22).

The decision by the (visiting) law judge was short (as compared with the decisions typically rendered by the law judges from this area) and left some things unsaid. One of the issues that was not meaningfully addressed was the plaintiff's allegation of headaches. The plaintiff challenges the law judge's failure to address that condition (Doc. 12, p. 16).[4]

The plaintiff testified that she suffers from severe headaches (Tr. 33). She said that, if it is a migrane, it lasts two to three days (Tr. 34). She stated further that she gets them a couple times a month and that they are severe enough to go to the hospital maybe once every three months (id.).

The plaintiff's complaints of headaches are reflected all through the medical records. Significantly, the plaintiff has gone to an emergency room on several occasions to seek treatment for headaches (Tr. 142, 145, 321).

The law judge in his decision noted the plaintiff's testimony concerning prolonged headaches and that in March 2002 she was diagnosed

---

[4]The plaintiff's argument on this issue is a little off track. Thus, she raises the contention in the context of the law judge's use of the grids instead of a vocational expert. The issue, however, directly pertains to the question of the plaintiff's residual functional capacity, which applies to the matter of a return to prior work, as well as to the use of the grids. The Commissioner has responded to this alleged deficiency in the decision and thus was not prejudiced by the manner in which the issue was raised (Doc. 13, pp. 7-9).

with probable migrane (Tr. 18). He did not mention the abundance of complaints to doctors about headaches. Most important, he did not evaluate the evidence regarding headaches.

The law judge's failure to assess the evidence of headaches constitutes reversible error. <u>Vega</u> v. <u>Commissioner of Social Security</u>, 265 F.3d 1214, 1219 (11th Cir. 2001). The law judge must state the weight accorded each item of impairment evidence and the reasons for his decision on that evidence. <u>Gibson</u> v. <u>Heckler</u>, 779 F.2d 619, 623 (11th Cir. 1986). The law judge here violated that principle with respect to the impairment of headaches.

The Commissioner in his memorandum attempts to overcome this deficiency by an argument that the headaches should be discounted (Doc. 13, pp. 7-9). That approach is unavailing. In the first place, a <u>post</u> <u>hoc</u> argument by litigating counsel cannot substitute for a reasonable rationale by the decision-maker regarding the problem. <u>Motor Vehicle Manufacturers Association of the United States, Inc.</u> v. <u>State Farm Mutual Automobile Ins. Co.</u>, 463 U.S. 29, 50 (1983).

Moreover, the Commissioner's argument is unpersuasive. The plaintiff's testimony seemingly alleged a severe impairment. Thus, she indicated that she has migranes that last two to three days a couple of times

each month. Absent testimony from a vocational expert to the contrary, these absences would appear to be unacceptable to employers. Of course, the law judge could find that the plaintiff's headaches are not as severe as she alleges. However, as indicated, he has to provide a reasonable basis for such a determination.

For these reasons, the law judge's failure to evaluate the plaintiff's complaints of headaches constitutes reversible error. Accordingly, a remand is required.

In light of the remand, the plaintiff's other contentions may be briefly addressed. It is questionable whether any would warrant reversal.

The plaintiff makes an argument that the law judge failed to consider her medication side effects and her pain. The contention as to side effects, unlike the contention as to headaches, is not supported by the medical records. Thus, the records do not show complaints about side effects from medication that she needs to take to alleviate her problems. To the contrary, a treating physician reported that she "denies any complications of the medications" (Tr. 450). Moreover, the issue of side effects would be adequately covered by the law judge's credibility determination.

The same is true for the contention that the law judge failed to consider the nonexertional impairment of pain. Furthermore, contrary to the plaintiff's contention, the law judge's credibility determination, while not as copious as it might have been, is consistent with the Eleventh Circuit's standard for evaluating pain and other subjective complaints, see Dyer v. Barnhart, 395 F.3d 1206 (11th Cir. 2005), and is at least adequate (Tr. 19-20).

In addition, the law judge's failure to discuss two supporting letters written early in the administrative process (Tr. 105-08) does not amount to reversible error. That type of documentary evidence is generally not addressed by the law judges. If the plaintiff on remand wants explicit consideration of what those two individuals have to say, she should present them as witnesses. At this point, this information is implicitly covered by the law judge's credibility determination. Tieniber v. Heckler, 720 F.2d 1251, 1254-55 (11th Cir. 1983); East v. Barnhart, 2006 WL 2808242 at *1 n. 3 (11th Cir. 2006)(unpub. dec.).

The plaintiff also challenges the weight given to the opinion of state agency reviewing physician Dr. Caroline L. Moore (Doc. 12, pp. 13-14). Dr. Moore's assessment, dated June 11, 2003, opined that the plaintiff had cervical/lumbar disc disease and that she could perform the full range of light

work (Tr. 349-53). The law judge discounted the assessment of state agency reviewing physician Dr. Francis Klingle, dated November 10, 2003, which opined that the plaintiff suffered from degenerative disc disease that limited her to sedentary work requiring only occasional climbing, balancing, stooping, kneeling, crouching or crawling (Tr. 427-34). The law judge stated that Dr. Moore's assessment was "entitled to the greatest weight" because it was "most consistent with the medical evidence of record" (Tr. 21).

      The plaintiff argues that the law judge erred in relying upon Dr. Moore's assessment because it did not consider later medical evidence (Doc. 12, p. 14). The Commissioner persuasively responds, however, that the law judge did not <u>rely</u> upon Dr. Moore's assessment in determining the plaintiff's residual functional capacity. Rather, he was simply commenting upon the opinions by the reviewing physicians as he was obligated to do (<u>see</u> Doc. 13, p. 6). He thought that Dr. Moore's opinion should be given the greater weight because it was most consistent with his assessment based upon his view of the medical evidence in the record. In other words, the law judge did not use Dr. Moore's opinion to determine the plaintiff's residual functional capacity, but rather simply stated that Dr. Moore's opinion was most consistent with his

determination of the plaintiff's residual functional capacity based upon all the medical evidence in the record.

Of course, the law judge's determination of the plaintiff's residual functional capacity was flawed due to the law judge's failure to evaluate the evidence concerning the plaintiff's headaches. It is that error that warrants a remand.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby **REVERSED**, and the matter is **REMANDED** for further consideration. The Clerk shall enter judgment in accordance with this Order and close this case.

DONE and ORDERED at Tampa, Florida, this <u>7th</u> day of September, 2007.

                                    _____
                                    THOMAS G. WILSON
                                    UNITED STATES MAGISTRATE JUDGE